IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LAKESIDE EVANGELICAL CONGREGATIONAL CHURCH,<br><br>Plaintiff,<br><br>vs.<br><br>CHURCH MUTUAL INSURANCE COMPANY,<br><br>Defendant, | 2:24-CV-00859-MJH |

OPINION AND ORDER

Plaintiff, Lakeside Evangelical Congregational Church, brings the within action against Defendant, Church Mutual Insurance Company (CMIC), for Breach of Contract (Count I) and for Bad Faith (Count II), pursuant to 42 Pa.C.S. § 8371, stemming from CMIC's alleged failure to provide insurance payments for roof damage caused by hail. (ECF No. 10). CMIC moves to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 12). The matter is now ripe for decision.

Upon consideration of Lakeside's First Amended Complaint (ECF No. 10), CMIC's Motion to Dismiss (ECF No. 12), the responses and briefs (ECF Nos. 13 and 14), and for the following reasons, CMIC's Motion to Dismiss Count II will be granted. Count II will be dismissed, without prejudice.

I.  Background

Lakeside alleges that the roof of its church sustained wind and hail damage from a June 16, 2022 storm. (ECF No. 10 at ¶¶ 10-15). CMIC denied the claim, based on the opinions of its Forensic Engineer, James Graf, who concluded the damage to the roof was not the result of hail damage; but rather, the balding and blemishes on the roof shingles were consistent with a

manufacturing defect. (ECF No. 10-2). CMIC asserted that said defects were not covered by Lakeside's insurance policy. *Id*.

Lakeside alleges that because CMIC refused to pay benefits pursuant to the policy, CMIC breached the insurance contract, for which Lakeside claimed damages in the amount of $146,016.72. (ECF No. 10 at ¶¶ 17-19). In addition to the breach of contract claim, the First Amended Complaint alleges that CMIC acted in bad faith. Specifically, Lakeside avers it retained a public adjuster, who opined that CMIC acted without justification and in disregard of their insureds' rights under the policy of insurance. *Id*. at ¶¶ 29-32. Lakeside further alleges that CMIC failed to conduct a proper investigation, that CMIC disregarded pertinent facts relevant to the claim, and that CMIC and/or its representative misrepresented pertinent facts or policy or contract provisions. *Id*. at ¶¶ 25-48.

II.     Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir.

2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

III.  Discussion

CMIC argues that Lakeside's Bad Faith claim (Count II) should be dismissed, because its reliance upon Mr. Graf's engineering report provides a reasonable basis for its denial of Lakeside's roof hail damage claim. CMIC further contends that Lakeside has insufficiently

pleaded facts to establish that CMIC lacked a reasonable basis for "denying benefits under the policy," or that CMIC knew or recklessly disregarded that it lacked a reasonable basis to deny the claim. Lakeside argues that CMIC failed to conduct a proper investigation, and that CMIC disregarded and/or misrepresented pertinent facts relevant to the claim.

The Pennsylvania bad faith statute provides, in its entirety:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> >
> > (2) Award punitive damages against the insurer.
> >
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371. To succeed on a bad faith claim, a plaintiff-insured must prove, by clear and convincing evidence: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994). Although the term "bad faith" is not defined in the statute, courts have subsequently determined that a variety of carrier actions can constitute bad faith, including "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured."

"[A]n insurer simply must show that it had a reasonable basis for a coverage decision based on the information available at the time the decision was made." *Overbrook Props., LLC v. Allstate Indem. Co.*, 2018 WL 3439616, at *4 (E.D. Pa. 2018). Reliance upon an expert report is

4

a reasonable basis to deny an insurance claim. *See Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 673 (W.D. PA. 2012) ("[C]ourts have recognized that an insurer's reasonable reliance on an engineering expert's report for a coverage decision does not constitute bad faith.").

For an insurance company to show that it had a reasonable basis, it need not demonstrate its investigation yielded the correct conclusion, or that its conclusion more likely than not was accurate. *Krisa v. Equitable Life Assur.* Soc., 113 F.Supp.2d. 694, 704 (M.D.Pa.2000). Also, the insurance company is not required to show that "the process by which it reached its conclusion was flawless or that the investigatory methods it employed eliminated possibilities at odds with its conclusion." *Id.* Instead, an insurance company must show that it conducted a sufficiently thorough review or investigation to yield a reasonable foundation for its action. *Id.*

Here, the basis for Lakeside's Bad Faith claim stems solely from CMIC's decision that hail damage was not the cause of the condition of Lakeside's roof. The alleged hail occurred on June 16, 2022. By October 3, 2022, CMIC had sent an independent adjuster, Shawn McKnight, and an engineer, James Graf, to inspect the claim. Mr. Graf concluded that the roof damage was from a manufacturing defect and not from hail. Lakeside's criticism of Mr. Graf's report derives from Lakeside's public adjuster, Jason Cortazzo's, disagreement with said report. Lakeside's public adjuster's report was issued on March 4, 2024, over a year after the incident and after Mr. Graf's inspection and expert report. Regardless of which, if either expert opinion is ultimately determined to be correct, for purposes a bad faith claim, CMIC is entitled to rely upon on its own expert opinion in relation to the decision it made. Under these circumstances and allegations, Lakeside's Amended Complaint fails to support a bad faith claim.

Accordingly, CMIC's Motion to Dismiss Count II of the Amended Complaint will be granted. Count II will be dismissed, without prejudice.

ORDER

Following consideration of Lakeside's First Amended Complaint (ECF No. 10), CMIC's Motion to Dismiss (ECF No. 12), the responses and briefs (ECF Nos. 13 and 14), and for the reasons stated in this Court's Opinion, CMIC's Motion to Dismiss Count II is granted. Count II is dismissed, without prejudice.

CMIC shall file its Answer to the remaining count to the Amended Complaint on or before March 17, 2025.

DATED this 3rd day of March, 2025.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge